**Edward Lewis HIGLEY,**
**Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF**
**CORRECTIONS, et al.,**
**Defendants–Appellees.**

No. 86–1688.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 20, 1987.

Decided Dec. 15, 1987.

---

David Patrick, Harrodsburg, Ky., for plaintiff-appellant.

Keith D. Roberts, Asst. Atty. Gen., Lansing, Mich., Edgar L. Church, Jr., for defendants-appellees.

Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and McRAE, Senior District Judge.[*]

WELLFORD, Circuit Judge.

This appeal presents the issue of the application of Michigan's tolling statute to a prisoner's § 1983 claim. On October 29, 1985, appellant Edward Lewis Higley, a prisoner of the Michigan Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983 in the district court. Appellant sued the Michigan Department of Corrections and various officers thereof for violations of his rights under the eighth and fourteenth amendments. The occurrence giving rise to his claims was his transfer, on September 24, 1982, from the Reception and Guidance Center at the State Prison of Southern Michigan directly to a punitive segregation unit at the prison without being afforded a due process hearing. The district court dismissed appellant's claim, finding it time barred under Michigan's three-year limitation period, M.S.A. § 27A.5805(8), [M.C.A. § 600.5805(8) ]. Higley appeals the dismissal.

■ Federal law requires that § 1983 claims should be characterized as actions involving personal injuries for statute of limitations purposes. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985); *see Carroll v. Wilkerson,* 782 F.2d 44 (6th Cir.) (per curiam), *cert. denied sub nom. County of Wayne v. Carroll,* — U.S. —, 107 S.Ct. 330, 93 L.Ed.2d 302 (1986). Additionally, the Supreme Court has held that the question of whether a limitations period is tolled is an inherent aspect of the state statute of limitations and, therefore, that courts are obligated to apply state tolling statutes to § 1983 actions, as long as the result is not inconsistent with federal law or policy.

*Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).

■ In the instant case, these principles call into question two Michigan statutes, M.S.A. § 27A.5805, [M.C.A. § 600.5805] (Supp.1987) (a three-year limitation on personal injury actions) and M.S.A. § 27A.5851(1), [M.C.A. § 600.5851(1)] (Supp.1987): ("[I]f the person first entitled to ... bring an action is ... imprisoned at the time the claim accrues, the person ... shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run....") This appeal turns on the application and interpretation of these statutes.

Other courts have considered this same question under other state tolling statutes. The Fifth Circuit, in considering Texas' tolling statute, originally held that an imprisoned civil rights plaintiff was entitled to invoke the tolling provisions of the statute only with reference to the period of his incarceration during which access to the federal courts was not freely available to state prisoners. *Miller v. Smith,* 615 F.2d 1037 (5th Cir.1980). The court reconsidered the case in light of *Tomanio,* however, and ruled that the prisoner was entitled to the benefit of the Texas tolling statute according to its express terms. *Miller v. Smith,* 625 F.2d 43 (5th Cir.1980) (per curiam); *see also Hernandez v. Spencer,* 780 F.2d 504, 505 n. 1 (5th Cir.1986) (following *Miller* but questioning the rationality of tolling limitations on such claims). Thus, the Fifth Circuit's approach requires the literal application of the state statute without delving into policy considerations.

We believe that other cases have analyzed the issue more fully than did the court in *Miller* and *Hernandez.* See *Major v. Arizona State Prison,* 642 F.2d 311 (9th Cir.1981) (finding Arizona's tolling provision not applicable), and *May v. Enomoto,* 633 F.2d 164 (9th Cir.1980) (finding California's tolling provision applicable).

---

[*] The Honorable Robert M. McRae, Jr., Senior U.S. District Judge, Western District of Tennes-

see, sitting by designation.

These cases looked beyond the tolling statute's literal language to focus on the state courts' interpretation of the state law in deciding whether the tolling statute applied to § 1983 claims. *Major* rejected application of the statute to the prisoner's § 1983 claim because the court found that under Arizona law questions of accrual and tolling were dependent on a determination of a plaintiff's legal capacity to sue and further found that confinement had not stripped the plaintiff of his capacity to sue. 642 F.2d at 313–15. By contrast, the court in *May* found that California law required application of the tolling provision. 633 F.2d at 166–67. In neither *Major* nor *May*, however, did the court go on to consider whether the result achieved under state law was inconsistent with federal law, as required by *Tomanio*.

Although this court has not ruled directly on the question, the majority of district courts in this circuit that have addressed the issue have found that state tolling statutes should not be applied to toll a prisoner's § 1983 claim. *See Perotti v. Carty*, 647 F.Supp. 39 (S.D.Ohio 1986); *Vargas v. Jago*, 636 F.Supp. 425 (S.D.Ohio 1986); *Campbell v. Guy*, 520 F.Supp. 53 (E.D. Mich.1981), *aff'd*, 711 F.2d 1055 (6th Cir. 1983), *cert. denied*, 464 U.S. 1051, 104 S.Ct. 731, 79 L.Ed.2d 190 (1984); *cf. Covington v. Winger*, 562 F.Supp. 115 (W.D.Mich. 1983), *aff'd on other grounds*, 746 F.2d 1475 (6th Cir.1984), *cert. denied*, 470 U.S. 1056, 105 S.Ct. 1764, 84 L.Ed.2d 826 (1985); *but see Austin v. Brammer*, 555 F.2d 142 (6th Cir.1977) (per curiam) (assuming possible applicability of Ohio's tolling statute); *In re Jackson Lockdown/MCO Cases*, 107 F.R.D. 703 (E.D.Mich.1985) (assuming applicability of Michigan's tolling statute). We have decided that we look to the state courts' interpretation of the tolling statute to determine its applicability to § 1983 claims and then consider whether the result under state law conflicts with federal law.

The Michigan courts' only recent consideration of the tolling statute was *Hawkins v. Justin*, 109 Mich.App. 743, 311 N.W.2d 465 (1981) (per curiam), an equal protection challenge to the tolling statute's constitutionality in the context of a prisoner's libel suit. Although it noted that today prisoners suffer less isolation and fewer restrictions than when the tolling statute originated, the court upheld the statute's constitutionality and found its purpose to be "to provide prisoners with additional time to assert their legal rights." 311 N.W.2d at 467. The court relied in part on a 1972 amendment of the tolling statute making specific reference to the tolling of prisoners' claims, *id.*, and concluded: "We are persuaded that the language of the statute provides for a disability in favor of all who are incarcerated when a cause of action accrues and does not require a showing of a special disability." *Id.* at 468.

Although *Hawkins* did not deal with the application of the tolling statute to a § 1983 claim, the court's reasoning was not specific to the libel context, and its language suggests that the Michigan courts might also apply the statute in a civil rights case. This conclusion is strengthened by the Michigan legislature's 1986 amendment of the tolling statute, which left the imprisonment disability intact. *Cf. Vargas v. Jago*, 636 F.Supp. 425, 429 (S.D.Ohio 1986) (rejecting Ohio's tolling statute as "an aged statute, with its most recent version listing an effective date of 1965").

If we were to conclude that under Michigan law the tolling statute would apply to appellant's § 1983 claim, we must next consider whether that result is inconsistent with federal law. Each of the district court decisions in this circuit that have directly addressed the applicability of tolling statutes to § 1983 actions have found that applying the tolling statute would be inconsistent with the policies underlying § 1983. In *Campbell v. Guy*, 520 F.Supp. 53 (E.D. Mich.1981), *aff'd*, 711 F.2d 1055 (6th Cir. 1983), *cert. denied*, 464 U.S. 1051, 104 S.Ct. 731, 79 L.Ed.2d 190 (1984), the court identified the policies underlying § 1983 as "the compensation of prisoners whose federal rights have been violated, as well as the prevention of an abuse of power by those acting under color of law." 520 F.Supp. at 55. The court rejected the contention that incarceration *per se* was a disability for prisoners bringing § 1983 actions. *Id.* In-

stead, the court found that the plaintiff's filing of numerous lawsuits with the court in the years preceding the case in question was ample evidence of his ability to gain access to federal courts and concluded that applying the tolling statute to the plaintiff's claim would be inconsistent with federal law and policy pursuant to § 1983. *Id.* at 56. We agree.

Although *Campbell* turned at least in part on facts surrounding the particular prisoner-plaintiff, two cases dealing with Ohio's tolling provision have rejected its applicability based on perceived inconsistency with federal policy. *Perotti v. Carty,* 647 F.Supp. 39 (S.D.Ohio 1986), *Vargas v. Jago,* 636 F.Supp. 425 (S.D.Ohio 1986). The court in *Vargas* noted that § 1983 suits serve both a rehabilitative function by providing a "safety valve" for prisoner grievances and a deterrence function. 636 F.Supp. at 429. The court concluded:

> We cannot help but believe that, in order to effect the rehabilitative purpose described above, as well as to deter prison officials from misconduct, quick resolution of disputes is vital. Promptness is even more important, we think, when a prisoner is complaining that his current incarcerators are violating, or have violated, his civil rights. To allow a prisoner one year after his release to bring his section 1983 suit neither would effect deterrence as to the alleged offender, nor rehabilitation as to the alleged victim. Thus, so long as the state system erects no barriers to the federal courts, we regard application of the state disability tolling statute to be "inconsistent" with federal law.

*Id.; see also Perotti,* 647 F.Supp. at 40.

We find the reasoning of *Campbell, Vargas* and *Perotti* persuasive. An important part of the policies underlying § 1983 suits are rehabilitation of the prisoner and deterrence to prevent further inappropriate prison conduct. Each of these policies supports the conclusion that § 1983 claims should be resolved promptly following an alleged constitutional violation, not delayed or postponed due to a lengthy tolling period. To rule otherwise, a prisoner's claim would remain open to litigation for as long as a prisoner was confined, *cf. In re Jackson Lockdown,* 107 F.R.D. at 706, which would allow the litigation of stale claims long after the best opportunities for rehabilitation and deterrence have passed. The Supreme Court also has identified compensation as a policy embodied in § 1983. *Tomanio,* 446 U.S. at 488, 100 S.Ct. at 1797. Although the application of the tolling provision is not inconsistent with this policy, the goal of compensation certainly does not require the application of the tolling statute based solely on incarceration.

We have determined from court records that Higley has filed at least two other proceedings as an incarcerated prisoner. We are acutely aware of the multitude of cases filed by other Michigan prisoners seeking § 1983 relief in federal courts.[1] The plethora of § 1983 cases filed indicates very clearly the accessibility of federal courts to prisoners such as Higley. There is no logical basis for applying a tolling period to encourage stale claims in the face of such ready availability of a federal forum to hear and to consider these claims. Federal courts have directed that law libraries and some form of counselling be available to prisoners such as Higley, who may be as well or better off than others who filed § 1983 actions in federal courts. To apply the Michigan tolling statute under such circumstances would, in our view, run counter to federal law and policy.

As appellant's filing of suit in district court shows, he is in fact not legally disabled by his confinement. Taking into account the particular basis of appellant's claim for relief relating to the circumstances of a transfer from one prison to another in the Michigan system, we are persuaded that application of a lengthy tolling period

---

**1.** For example, more than 150 civil rights cases by Michigan prison inmates were filed during the last six months of 1985 in the Eastern District of Michigan, and some 375 such cases in that period were filed altogether in Michigan federal district courts. Thirty-nine new appeals from these cases were filed in the Sixth Circuit during the period July 1985 through December 1985.

is clearly counterproductive to sound federal policy in attempting to deal with § 1983 claims as promptly as practicable. We accordingly find application of M.S.A. § 27A.5851's [M.C.A. § 600.5851] tolling provision to prisoners' § 1983 actions to be inconsistent with the policies embodied in § 1983. That decision leads to the further conclusion that appellant's suit was properly dismissed as time barred under the applicable Michigan law and period of limitations. Appellant has shown no equitable basis for tolling of the three year statute which affords ample time for filing of a § 1983 claim.

We AFFIRM the district court's dismissal of appellant's action.