848 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John PEROTTI, Plaintiff-Appellant,
v.
Robert CARTY, et al., Defendants-Appellees.
 No. 86-4014.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1988.
 
 Before MILBURN, Circuit Judge, WEICK and CONTIE, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, John Perotti challenges the district court's grant of summary judgment in favor of appellees, Robert Carty, Oscar McGraw, Randolph Halcomb, and Jeff Wamsley, correction officers at the Southern Ohio Correctional Facility (SOCF), on his 42 U.S.C. Sec. 1983 civil rights complaint in which he alleged that he had been assaulted by appellees. For the following reasons, we affirm the district court's grant of summary judgment in favor of appellees.
 
 I.
 
 2
 On January 3, 1986, John Perotti, an inmate at SOCF, filed a pro se 42 U.S.C. Sec. 1983 civil rights complaint against appellees. In his complaint, he alleged that, on July 5, 1984, Wamsley, Halcomb, and McGraw held his arms while Carty struck him on the head with an oak club. He further asserted that his hands, at the time, were cuffed behind his back while his ankles were chained together with leg irons. Perotti sought injunctive relief as well as compensatory and punitive damages against each appellee.
 
 
 3
 On March 24, 1986, the appellees moved the district court for summary judgment on the basis that Perotti had filed his civil rights complaint beyond the one-year statute of limitations period established by Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985), cert. denied, 476 U.S. 1174 (1986). A United States Magistrate agreed with this position, and, on June 13, 1986, recommended that appellees' motion for summary judgment be granted. Perotti filed objections to the Magistrate's recommendation in which he argued that the one-year statute of limitations period had been tolled, pursuant to Ohio Rev.Code Ann. Sec. 2305.16 (Anderson 1981), due to his imprisonment at the time of the incident. The one-year period, he contends, will not begin to run again until he is no longer imprisoned.
 
 
 4
 Upon consideration thereof, the district court, on October 6, 1986, adopted the Report and Recommendation of the Magistrate. The district court reasoned that while section 2305.16 does indeed toll the running of the one-year statute of limitations for individuals who are imprisoned at the time the cause of action accrues, such tolling in relation to section 1983 complaints is inconsistent with federal policy and should not be applied. In addition, the court found that since Perotti had not filed his 42 U.S.C. Sec. 1983 civil rights complaint within one year from the time his cause of action accrued, his complaint was barred by the statute of limitations. Accordingly, the court granted summary judgment in favor of appellees. This timely appeal followed.
 
 
 5
 On appeal, Perotti contends that the district court erred in granting summary judgment in favor of appellees. Specifically, he contends that the trial court erred in determining that, with respect to 42 U.S.C. Sec. 1983 actions, the incarceration of the complainant at the time his cause of action accrues does not act to toll the running of the one-year statute of limitations set out in Ohio Rev.Code Ann. Sec. 2305.11 (Anderson Supp.1987).
 
 II.
 
 6
 Pursuant to Fed.R.Civ.P. 56(c), summary judgment may be granted only when the pleadings, depositions, answers to interrogatories, admissions, and affidavits demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. "All facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir.1986); Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 7
 In the present case, based upon a review of the record, we conclude that the district court properly granted summary judgment in favor of appellees on Perotti's section 1983 civil rights claim. Perotti, in his appellant's brief, concedes that there is no genuine issue of material fact. Moreover, based on the following analysis, we conclude that because Perotti's section 1983 claim is time-barred by the one-year statute of limitations set out in Ohio Rev.Code Ann. Sec. 2305.11, the appellees were entitled to judgment as a matter of law.
 
 
 8
 Federal law requires that section 1983 claims be characterized as actions involving personal injuries for statute of limitations purposes. Wilson v. Garcia, 471 U.S. 261, 276 (1985). Additionally, the Supreme Court has determined that because the issue of whether a limitations period is tolled is an inherent aspect of state statute of limitations, courts must apply state tolling statutes to section 1983 actions so long as the result is not inconsistent with federal law or policy. Board of Regents v. Tomanio, 446 U.S. 478 (1980).
 
 
 9
 In the present case, these principles call into question two Ohio statutes: Ohio Rev.Code Ann. Secs. 2305.11 and 2305.16. This court, in Mulligan, 777 F.2d at 344, concluded that the one-year limitation period pertaining to personal injury actions contained in section 2305.11[1] shall be applied to all claims brought under 42 U.S.C. Sec. 1983 in federal courts located within the state of Ohio.[2] The corresponding tolling statute is Ohio Revised Code Ann. Sec. 2305.16 which provides in relevant part:
 
 
 10
 Unless otherwise specifically provided in sections 2305.04 to 2305.14, inclusive, and, sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed.
 
 
 11
 Thus, in section 1983 civil rights actions brought in federal courts located within the state of Ohio, a plaintiff must file his complaint within one year from the time his cause of action accrues unless: (1) he can take advantage of section 2305.16's tolling provisions, and (2) so long as the tolling provisions do not conflict with federal law or policy.
 
 
 12
 This court, in Higley v. Michigan Dept. of Corrections, 835 F.2d 623 (6th Cir.1987), addressed the applicability of Michigan's tolling statute to a prisoner's section 1983 claim. The court determined that in deciding such question it must first consider the state courts' interpretation of the tolling statute to ascertain its applicability to section 1983 claims and then consider whether the result under state law conflicts with federal law. Id. at 625. In so analyzing the issue, the court found that even if Michigan's tolling statute were held applicable to the prisoner's section 1983 action, such application would run counter to federal law and policy. Id. at 626.
 
 
 13
 Pursuant to the principles enunciated in Higley, we must first look to Ohio's interpretation of its tolling statute to determine its applicability to section 1983 claims. In Perdue v. Handelman, 68 Ohio App.2d 240 (1980), an Ohio appellate court ruled, in an attorney malpractice action, that Ohio Rev.Code Ann. Sec. 2305.16 tolls the running of Ohio's one-year statute of limitations if a person is in prison when his cause of action accrues.[3] The one-year period begins to run again when the disability of imprisonment is removed. Id. at 241.
 
 
 14
 If we were to conclude that under Ohio law the tolling statute would apply to Perotti's section 1983 claim, we must next, pursuant to Higley, consider whether such result is inconsistent with federal law. In Higley, the court noted that section 1983 actions serve a deterrence function as well as a rehabilitative function by providing a "safety valve" for prisoner grievances. Higley, 835 F.2d at 626 (citing Vargas, 636 F.Supp. at 429). The court stated:
 
 
 15
 We cannot help but believe that, in order to effect the rehabilitative purpose described above, as well as to deter prison officials from misconduct, quick resolution of disputes is vital. Promptness is even more important, we think, when a prisoner is complaining that his current incarcerators are violating, or have violated, his civil rights. To allow a prisoner one year after his release to bring his section 1983 suit neither would effect deterrence as to the alleged offender, nor rehabilitation as to the alleged victim. Thus, so long as the state system erects no barriers to the federal courts, we regard application of the state disability tolling statute to be "inconsistent" with federal law.
 
 
 16
 Id., (quoting Vargas, 636 F.Supp. at 429). The court summarized that the important policies of section 1983 are the rehabilitation of the prisoner and the deterrence to prevent further inappropriate prison conduct. Id. at 626. "Each of these policies supports the conclusion that [section] 1983 claims should be resolved promptly following an alleged constitutional violation, not delayed or postponed due to a lengthy tolling period." Id. Further, the court reasoned, "To rule otherwise, a prisoner's claim would remain open to litigation for as long as a prisoner was confined ... which would allow the litigation of stale claims long after the best opportunities for rehabilitation and deterrence have passed." Id.
 
 
 17
 We are persuaded by the court's analysis in Higley that application of a lengthy tolling period is clearly counterproductive to federal policy in attempting to deal with section 1983 claims as promptly as is practicable. In addition, we find noteworthy, the fact that Perotti has filed twenty-four lawsuits since 1980, nine of them since his cause of action accrued on July 5, 1984, and one of which was filed two weeks from the day the incident occurred. It seems that Perotti has had no roadblocks to the courts and has been well informed of his legal options. We accordingly find application of Ohio Rev.Code Ann. Sec. 2305.16's tolling provision to prisoners' section 1983 claims to be inconsistent with the policies embodied in section 1983. That decision leads to the further conclusion that Perotti's suit was time-barred under the applicable Ohio law and period of limitations. The district court therefore properly found that appellees were entitled to judgment as a matter of law and granted summary judgment in their favor.
 
 
 18
 Accordingly, we AFFIRM the district court's grant of summary judgment in favor of appellees.
 
 
 
 [1]
 Section 2305.11 provides in relevant part:
 (A) An action for libel, slander, malicious prosecution, or false imprisonment, an action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, or an action upon a statute for a penalty or forfeiture, shall be commenced within one year after the cause of action accured....
 Section 2305.111 of the Ohio Revised Code provides in part, "An action for assault or battery shall be brought within one year after the cause of action accrues."
 As explained in footnote four of the Mulligan decision, the Ohio legislature, in 1984, amended section 2305.11 and removed assault and battery from its scope. Concurrently, the legislature enacted section 2305.111 providing a one-year statute of limitations for assault and battery actions. The amendment and enactment effected no change in the limitations period for such actions. Mulligan, 777 F.2d at 343 n. 4.
 
 
 [2]
 This court decided Mulligan on November 26, 1985 while Perotti's cause of action accrued on July 5, 1984. In Chevron Oil Co. v. Huson, 404 U.S. 97, 107 (1971), the Supreme Court held that its decision specifying the applicable state statute of limitations should be applied only prospectively because, inter alia, it overruled clearly established circuit precedent on which the complaining party was entitled to rely. In the present case, there was no clearly established circuit precedent establishing a statute of limitations for section 1983 before Mulligan on which Perotti was entitled to rely. Thomas v. Shipka, 829 F.2d 570, 576 (6th Cir.1987)
 
 
 [3]
 The district court in Vargas v. Jago, 636 F.Supp. 425, 428-29 n. 3 (S.D.Ohio 1986) (Ohio tolling statute not applicable to prisoner's section 1983 because statute inconsistent with federal law), distinguished Perdue on the basis that Perdue involved consideration of Ohio's tolling statute in a negligence or malpractice action. The court reasoned that the policies attendant to section 1983 do not come into play in a malpractice action