856 F.2d 197
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elmer WINTERS, Plaintiff-Appellant,
v.
Patrick LYNCH; City of Euclid; Euclid Police Department;
Anthony J. Giunta, Mayor; Unknown, Police
Officers, Defendants-Appellees.
 No. 87-3804.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1988.
 
 1
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges and DOUGLAS W. HILLMAN, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff, an Ohio state prisoner, appeals the district court's judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 Seeking monetary relief, plaintiff filed suit in June of 1985 alleging that his constitutional rights were violated in May of 1980 when police officers physically abused him during the course of an arrest. Plaintiff also alleged that while detained at the Euclid, Ohio jail, he was again beaten, stripped naked, not given any food, and not allowed to telephone his attorney. In an earlier appeal (Case No. 85-4002), this court remanded the case to the district court for further consideration. Upon remand, the district court dismissed the complaint as time-barred by Ohio's one year statute of limitations.
 
 
 5
 Upon review, we shall affirm the district court's judgment. Plaintiff's suit was filed well beyond the one year statute of limitations contained in Ohio Rev.Code Sec. 2305.11. Plaintiff was arrested and placed in the Euclid, Ohio jail on May 21, 1980; but his complaint was not filed until June 27, 1985, well over four years after the limitations period had expired. Moreover, plaintiff's incarceration did not toll the limitations period. Higley v. Michigan Dep't of Corrections, 835 F.2d 623, 626-27 (6th Cir.1987); Perotti v. Carty, No. 86-4014 (6th Cir. June 13, 1988). Finally, even if the limitations period were tolled during the time plaintiff was adjudged mentally incompetent, the suit would still be time-barred as the time period commenced running again when he was adjudged competent in October of 1981.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief U.S. District Judge for the Western District of Michigan, sitting by designation