869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Kenneth CARLSON, Plaintiff-Appellant, Cross-Appellee,
v.
Ronald Edward ZIELINSKI, Det. Lt., Defendant-Appellee,
Benzie County, Defendant-Appellee, Cross-Appellant.
 Nos. 88-1846, 88-1883.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Donald Carlson appeals in case no. 88-1846 and Benzie County cross appeals in case no. 88-1883 from the district court's judgment dismissing this civil rights action filed under 42 U.S.C. Sec. 1983. The appeals have been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Carlson sought declaratory, monetary, and injunctive relief for the defendants' alleged warrantless search and seizure by excessive force. The district court dismissed Carlson's claims against the police officer regarding the execution of the search warrant and arrest for being barred by res judicata. The claims against Benzie County were dismissed as untimely and Carlson's challenge to the validity of the search warrant was dismissed without prejudice to his right to refile the claims after obtaining habeas corpus relief.
 
 
 3
 Carlson asserts the same arguments on appeal while Benzie County argues on cross appeal that it should have been allowed to rely on the doctrine of collateral estoppel as a defense.
 
 
 4
 Upon consideration, we conclude that plaintiff's claims regarding the execution of the search warrant and Carlson's arrest were properly dismissed under the doctrine of res judicata. These claims are precluded from review as they were previously asserted against the same defendant and resolved on the merits in a prior action. See Duncan v. Peck, 752 F.2d 1135, 1138 (6th Cir.1985).
 
 
 5
 Plaintiff's claim against Benzie County was also properly dismissed as it is barred by Michigan's three year limitations period under M.C.L. Secs. 600.5805(2) and 600.5805(8). The claim for negligence accrued on July 24, 1984, when the search and seizure occurred. See Hicks v. Hines, Inc., 826 F.2d 1543, 1544 (6th Cir.1987). This action was filed more than three years later on August 12, 1988. It was therefore filed late, as the time for filing this action was not tolled for any reason. See Higley v. Michigan Dep't of Corr., 835 F.2d 623 (6th Cir.1987).
 
 
 6
 The claim regarding the validity of the search warrant, however, should have been stayed rather than dismissed without prejudice because the claim could not be the subject of a habeas corpus petition filed under 28 U.S.C. Sec. 2254, and the disposition of the claim would have involved the same issues that would determine the outcome of Carlson's pending criminal appeal. See Feaster v. Miksch, 846 F.2d 21, 24 (6th Cir.1988).
 
 
 7
 Accordingly, we hereby affirm that portion of the district court's judgment dismissing the claims against Benzie County and the claims challenging the officer's execution of the search warrant and Carlson's arrest. Rule 9(b)(5), Rules of the Sixth Circuit. That portion of the judgment dismissing plaintiff's claims challenging the validity of the search warrant is hereby vacated and the case is hereby remanded to the district court for it to stay further proceedings until the completion of Carlson's state criminal proceedings. Rule 9(b)(6), Rules of the Sixth Circuit. Finally, the county's cross appeal is hereby dismissed as unsubstantial as the only claim brought against it was untimely. Rule 9(b)(5), Rules of the Sixth Circuit.