878 F.2d 381
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky CHRISTIAN, Plaintiff-Appellant,
v.
Jim LARKIN, Officer; Gary Scott, Officer, Defendants-Appellees.
 No. 88-5222.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1989.
 
 Before MERRITT and KRUPANSKY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case is on remand from the United States Supreme Court to reconsider our previous judgment in light of the Court's recent decision in Hardin v. Straub, 109 S.Ct. 1998 (1989).
 
 
 2
 On August 5, 1988, we affirmed the district court's dismissal of Christian's civil rights complaint which alleged that the defendant police officers used excessive force in effectuating plaintiff's arrest. The district court dismissed the suit as time-barred by Kentucky's one-year statute of limitations in that Christian was arrested on March 14, 1985, but his complaint was not filed until November 17, 1987, over two years after his cause of action accrued. The district court, relying on our decision in Higley v. Michigan Dep't of Corrections, 835 F.2d 623 (6th Cir.1987), rejected Christian's argument that his incarceration tolled the running of the limitations period. Our holding in Higley is inconsistent with the Supreme Court's decision in Hardin v. Straub, 109 S.Ct. 1998 (1989). Because application of a state tolling statute is now permissible in Sec. 1983 suits, this case shall be remanded to the district court for it to determine in the first instance whether the running of the statute of limitations was tolled under Ky.Rev.Stat. Sec. 413.310 by reason of plaintiff's incarceration.
 
 
 3
 Accordingly, the district court's judgment of February 8, 1988 is hereby vacated and the case remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.