881 F.2d 1077
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald S. SMITH, Plaintiff-Appellant,
v.
Cleo BAKER, Jr., Jailor, Mercer County Kentucky, I.C. James,
Judge Executive, Mercer County Kentucky, Doug Greenburg,
County Attorney, Mercer County Kentucky, Billy Barnett,
Commonwealth Attorney, Mercer County Kentucky, Defendants-Appellees.
 No. 88-5607.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1989.
 
 1
 Before MERRITT and KENNEDY, Circuit Judges, and NICHOLAS J. WALINSKI, Senior District Judge.*
 
 ORDER
 
 2
 Donald S. Smith appeals the order of the district court dismissing his action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Smith filed suit in federal district court alleging that he suffered from improper medical care while incarcerated. The case was referred to a magistrate who recommended that summary judgment be awarded in favor of the defendants because the action is barred by the applicable statute of limitations. The district court adopted the magistrate's recommendation and applied the rationale of Higley v. Michigan Dep't of Corrections, 835 F.2d 623 (6th Cir.1987). The court dismissed the action as being time-barred by the applicable statute of limitations. The Supreme Court in Hardin v. Straub, 109 S.Ct. 1998 (1989), reversed Higley and made it clear that a federal court applying a state statute of limitations to an inmate's federal civil rights action should give effect to the state's provision tolling the limitations period for prisoners. Under Ky.Rev.Stat. Sec. 413.310, "The time of the confinement of the plaintiff in the penitentiary shall not be counted as part of the period limited for the commencement of an action."
 
 
 4
 Smith alleges he suffered improper medical care for approximately three months after his incarceration. Plaintiff began his incarceration on March 4, 1985. The time frame of the alleged violation is from March 4, 1985 to June 4, 1985. The medical records indicate that he last received treatment on July 8, 1985. The record indicates that he did not tender his complaint until November 13, 1986. Although more than one year passed since the action accrued, the action was not time-barred.
 
 
 5
 Accordingly, the order of the district court dismissing Smith's action is hereby vacated and the case remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nicholas J. Walinski, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation