881 F.2d 1076
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Wayne LONG, Plaintiff-Appellant,
v.
Bill JENKINS, Trooper Kentucky State Police; Morris
Kissabough; Fred Browning, Jailer, Defendants-Appellees.
 No. 88-5836.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1989.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge.*
 
 
 2
 Michael Wayne Long, a pro se Kentucky prisoner, moves for the appointment of counsel in his appeal from the judgment of the district court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Long brought suit under 42 U.S.C. Sec. 1983 alleging that his constitutional rights were violated during the arrest underlying his present incarceration. Long filed suit in 1985. The arrest occurred in 1978.
 
 
 4
 The district court granted summary judgment in favor of defendants on the grounds that the action was barred by the statute of limitations.
 
 
 5
 Upon review, we vacate and remand. The precedent upon which the district court relied has been overruled.
 
 
 6
 Previously, this court held that absent an equitable basis for doing so, incarceration alone does not toll the applicable statute of limitations. Higley v. Michigan Dep't of Corrections, 835 F.2d 623 (6th Cir.1987). In Higley, the Michigan tolling statute, which tolled the limitations period while a plaintiff was incarcerated, was held to be inconsistent with federal policy considerations underlying Sec. 1983. Therefore, the Kentucky tolling statute, Ky.Rev.Stat. Sec. 413.310, which provides for the tolling of the limitations period during plaintiff's incarceration, is likewise inconsistent with federal law and policy based on the rationale of Higley. The Supreme Court overruled Higley in Hardin v. Straub, 109 S.Ct. 1998 (1989). As a result, the district court's judgment represents an unconstitutional application of the rationale of Higley. Therefore, although plaintiff's alleged medical disability is not an adequate basis in this case to warrant equitable tolling of the one year statute of limitations, his incarceration alone brings into effect Kentucky's statute which tolls the limitations period for prisoners. Ky.Rev.Stat. Sec. 413.310.
 
 
 7
 Thus, although plaintiff filed his complaint more than one year after the accrual of his cause of action in 1978, his suit was not properly dismissed.
 
 
 8
 Accordingly, plaintiff's motion for counsel is denied and the judgment of the district court is hereby vacated and the case remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation