883 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nathaniel B. JORDAN, Plaintiff-Appellant,
v.
Robert BROWN, Jr.; Ted Koehler; John Hawley; Larry
Thorton; Benjamin T. Ulep; Defendants-Appellees,
C/O Corn, Defendant.
 No. 89-1052.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1989.
 
 1
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and SAM H. BELL, District Judge.*
 
 ORDER
 
 2
 Plaintiff, Nathaniel B. Jordan, appeals an order of the district court which dismissed his civil rights action. He now moves for the appointment of counsel. Upon review of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On August 24, 1988, Jordan, a Michigan prisoner, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Western District of Michigan. As the basis of his claim for both compensatory and punitive damages, he alleged that: 1) on October 27, 1980, defendants allowed him to be assaulted by another inmate, and 2) from July 24, 1980, to February 26, 1982, defendants had falsely imprisoned him. The district court, relying in part upon this court's opinion in Higley v. Michigan Dep't of Corrections, 835 F.2d 623 (6th Cir.1987), determined that Jordan had filed the complaint outside the time allowed by the statute of limitations, Mich.Comp.Laws Ann. Sec. 600.5805(8), and therefore granted defendants' motion for summary judgment. Jordan subsequently filed this appeal.
 
 
 4
 Summary judgment is proper only when the district court, drawing all inferences in favor of the non-moving party, can conclude that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The first of those requirements is present in the instant appeal as the parties do not dispute the factual allegations underlying the complaint. Accordingly, the only question remaining for resolution is whether Jordan is legally barred from recovering upon his claims due to the operation of the statute of limitations.
 
 
 5
 Pursuant to Mich.Comp.Laws Ann. Sec. 600.5805(8), civil rights actions arising in Michigan must be brought within 3 years of their accrual. Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986). Jordan's claim based upon his assault by another inmate accrued on October 27, 1980. Jordan therefore was required to bring any civil rights action grounded upon that event by October 27, 1983, unless incarceration constituted a disability sufficient to extend the period of limitations under Mich.Comp.Laws Ann. Sec. 600.5851. Hardin v. Straub, 109 S.Ct. 1998, 2002 (1989). Jordan's imprisonment did not have that effect in this case as that disability was removed upon his release from custody on February 26, 1982. As more than 1 year remained in the original 3 year period for bringing his cause of action, Mich.Comp.Laws Ann. Sec. 600.5852 was inapplicable to extend the time for filing a complaint. McCune v. City of Grand Rapids, 842 F.2d 903, 907 (6th Cir.1988). Consequently, Jordan's claim for assault by another inmate is time-barred.
 
 
 6
 Likewise, Jordan cannot recover upon his claim that defendants were responsible for his false imprisonment from October 24, 1980, to February 26, 1982. The cause of action accrued upon the latter of those dates when he was released from the allegedly illegal confinement. Under Mich.Comp.Laws Ann. Sec. 600.5805(8), Jordan was required to file his complaint by February 26, 1985. Jordan clearly did not comply with that statute. Moreover, Jordan's subsequent reincarceration was not a disability which extended that period under Mich.Comp.Laws Ann. Sec. 600.5851 as subsection (3) of that statute requires that the disability be in effect when the cause of action accrued. Jordan was under no disability when his cause of action for false imprisonment accrued.
 
 
 7
 Accordingly, the motion for appointment of counsel is hereby denied and the district court's final order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sam H. Bell, U.S. District Judge for the Northern District of Ohio, sitting by designation