886 F.2d 1315
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jon Brett HAMBRICK, Plaintiff-Appellant,
v.
Brian DAVIES, Defendant-Appellee,
Col. Tom Swartz; Johnny Johnson; Dave Tillett; Jack
Prindle; Bruce Grahm; Mike Howard, Defendants.
 No. 89-5584.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1989.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges, and JAMES HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Jon Brett Hambrick moves for in forma pauperis status and appointment of counsel, and appeals from the district court's judgment granting defendant's motion for summary judgment and dismissing his prisoner civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The defendant has filed a response to Hambrick's motion for appointment of counsel, to which Hambrick has replied.
 
 
 4
 The complaint stems from the alleged misconduct of Davies, a police officer. The defendant entered a house with other officers in order to serve a search warrant for narcotics. Hambrick saw the defendant with his gun drawn and apparently thought he was going to kill him. Shots were exchanged, and the police officer shot Hambrick in the chest. Hambrick shot the officer in the leg. Other officers found cocaine, marijuana, and hashish in the house. Hambrick was taken to the hospital in serious condition, but he survived. When released, he was taken to Boone County Jail.
 
 
 5
 Hambrick was later indicted for criminal attempt to commit murder and trafficking in a controlled substance. He claimed that the defendant gave false testimony in order to cover his own misconduct, and that he was responsible for improper entry and search of the house, Hambrick's indictment, and his later conviction. He also claimed that deficiencies in the prison law library denied him access to the courts. Hambrick requested monetary and injunctive relief.
 
 
 6
 Following a hearing, the district court ordered the parties to brief the issue of whether to dismiss the case in light of Higley v. Michigan Dep't of Corrections, 835 F.2d 623 (6th Cir.1987) because the applicable statute of limitations had expired, and Hambrick's incarceration did not toll the statute.
 
 
 7
 After reviewing the defendant's brief, the amended complaint and reply brief, defendant's answer, defendant's motion for summary judgment, Hambrick's response, the magistrate's report and recommendation, Hambrick's objections, and the defendant's response, the district court dismissed the case as Hambrick's incarceration did not toll the statute of limitations and he was not denied access to the courts.
 
 
 8
 Hambrick raises the same arguments on appeal.
 
 
 9
 Upon consideration, we conclude that the district court correctly decided that Hambrick was not denied access to the courts, and we affirm that portion of the district court's judgment. However, the portion of the judgment holding that the Kentucky tolling statute did not apply to Hambrick's Sec. 1983 suit must be vacated and the case remanded for consideration of Hambrick's remaining claims.
 
 
 10
 First, the district court correctly concluded that Hambrick's claim that deficiencies in the prison's law library denied him access to the courts is meritless. This claim fails because Hambrick did not prove that he was denied either access to a law library, or the assistance of legally trained personnel which is all that is constitutionally required. See Bounds v. Smith, 430 U.S. 817, 828 (1977). The record shows that Hambrick had access to a basic law library. In addition, prison policy provided for inmates such as Hambrick to request transfer to another prison with a more extensive legal library. Upon completion of the legal research, an inmate such as Hambrick who had the status of legal aid was guaranteed a return transfer to his former minimum security institution. Hambrick admits that he refused transfer to the Roederer farm facility to avail himself of the more extensive law library facilities there. Accordingly, he has not shown that he was denied access to the courts. At most, he was inconvenienced by being required to transfer to another prison with a more extensive law library and from which he was guaranteed transfer back to the minimum security institution. Thus, summary judgment was properly granted as to this issue. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 11
 In light of Hardin v. Straub, 109 S.Ct. 1988 (1989), Hambrick's suit, which accrued on the date of his arrest, was not untimely; thus, the district court's decision in that respect based on Higley, supra, must be reversed and remanded for further proceedings consistent with Hardin. See Bell v. Cooper, No. 88-5248 (6th Cir. July 27, 1989).
 
 
 12
 Accordingly, the motions for in forma pauperis status and counsel are hereby denied, and the portion of the district court's judgment deciding that Hambrick was not denied access to the courts is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. However, the portion of the district court's judgment deciding that Kentucky's tolling statute did not apply is vacated and the case is hereby remanded for further consideration in light of Hardin. Rule (b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation