886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard D. SMITH, Plaintiff-Appellant,
v.
John MANGUM, Officer; Jimmy Keck, Officer; City of
Detroit, Defendants-Appellees.
 No. 89-1577.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1989.
 
 1
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Jr., Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Richard D. Smith moves for counsel and for remand, and appeals from the district court's judgment dismissing with prejudice his prisoner civil rights suit filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 Smith alleged that the defendants, who are two Detroit police officers, violated his constitutional rights when they arrested him and searched his car trunk without a warrant and without probable cause, and that this unlawful search and seizure resulted in his drug possession conviction. He also alleged that, after searching his car and seizing a bag of heroin, the defendants obtained a search warrant for the car without informing the magistrate who authorized the warrant that a search had already been conducted. Smith requested damages and injunctive relief.
 
 
 5
 Upon review of the amended complaint, defendants' answer, defendants' motion to dismiss, Smith's response, the magistrate's report and recommendation, and Smith's objections, the district court dismissed the complaint with prejudice as Smith's claim was time-barred by the Michigan statute of limitations applicable to 42 U.S.C. Sec. 1983 claims, and, applying Higley v. Michigan Dep't of Corrections, 835 F.2d 623, 626-27 (6th Cir.1987), the limitations period was not tolled during Smith's incarceration.
 
 
 6
 In essence, on appeal Smith argues that the district court erred in deciding that his complaint was untimely. In addition, he has filed a motion for the court to remand his case in light of the recent Supreme Court ruling in Hardin v. Straub, 109 S.Ct. 1998 (1989).
 
 
 7
 Upon consideration, we conclude that the district court's judgment must be vacated and the case remanded for further proceedings. Applying Higley, 835 F.2d at 626, the district court decided that applying the Michigan tolling statute to preserve Smith's Sec. 1983 cause of action for the period during which he was incarcerated would be counterproductive to the federal policy favoring the disposition of Sec. 1983 claims as promptly as possible. In Hardin, however, the Supreme Court recently overruled Higley and held that applying Michigan's tolling statute for incarceration is not inconsistent with the federal policies underlying Sec. 1983 claims. Thus, Smith's suit may not be untimely as he is still incarcerated.
 
 
 8
 Appellees suggest that appellant may not have been incarcerated at the time his cause of action accrued. See Mich.Comp.Laws Sec. 600.5805(1). This should be determined in the first instance by the district court.
 
 
 9
 The motion for counsel is denied, the motion to remand is granted, and the district court's judgment is hereby vacated and the case remanded for further proceedings consistent with the foregoing opinion. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief U.S. District Judge for the Middle District of Tennessee, sitting by designation