888 F.2d 128
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Charles WARD, Plaintiff-Appellant,
v.
Thomas MINICK; Mr. Henes, Defendants-Appellees.
 No. 88-2070.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff has filed a petition for rehearing en banc of this court's February 27, 1989 order affirming the district court's dismissal of his prisoner civil rights complaint. The court now amends its February 27 order.
 
 
 2
 When the district court dismissed plaintiff's Sec. 1983 action as time-barred, it did not depart from our holding in Higley v. Michigan Dep't of Corrections, 835 F.2d 623 (6th Cir.1987). However, the Supreme Court's recent opinion in Hardin v. Straub, 109 S.Ct. 1998 (1989), effectively overruled our Higley decision. See Hardin, 836 F.2d 549 (6th Cir.1987) (unpublished per curiam), rev'd, 109 S.Ct. 1998 (1989). In Hardin, the Court held that a Michigan state prisoner who had brought an untimely Sec. 1983 action was entitled to avail himself of the Michigan statute tolling the limitations period for prisoners. Citing its previous decision in Board of Regents, University of New York v. Tomanio, 446 U.S. 478 (1980), the Court emphasized that the limitations period in a Sec. 1983 suit is to be determined by reference to the analogous state statute of limitations and the coordinate state tolling rules, except in cases where the state statutes would undermine the purpose of the federal civil rights statute. The Court concluded that:
 
 
 3
 [A] State reasonably might conclude that some inmates may be loathe to bring suit against adversaries to whose daily supervision and control they remain subject, or that inmates who do file may not have a fair opportunity to establish the validity of their allegations while they are confined. The Michigan tolling statute reflects a legislative decision to lessen any such difficulties by extending the time in which prisoners may seek recovery for constitutional injuries. Such a statute is consistent with Sec. 1983's remedial purpose.
 
 
 4
 Hardin at 2003.
 
 
 5
 After considering the Supreme Court's opinion in Hardin, we cannot approve the district court's judgment which dismisses plaintiff's Sec. 1983 action as time-barred. Accordingly, the district court's judgment is hereby reversed and the case remanded for further proceedings consistent with this opinion.