889 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carson WEBB, Plaintiff-Appellant,
v.
Benny CRAFT; Jean Banks, Defendants-Appellees.
 No. 89-5588.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1989.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Carson Webb, a Kentucky prisoner proceeding pro se and in forma pauperis, appeals the order of the district court dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Webb brought this suit alleging that the conditions of the Letcher County, Kentucky jail violated his constitutional rights. The district court dismissed the complaint as time-barred.
 
 
 3
 Upon review, we vacate the district court's order and remand the case for further proceedings. The rationale used by the district court is found in this court's case of Higley v. Michigan Dep't of Corr., 835 F.2d 623 (6th Cir.1987). However, an intervening decision by the United States Supreme Court has overruled Higley. Hardin v. Straub, 109 S.Ct. 1998 (1989). The district court relied on Higley v. Michigan Dep't of Corr., 835 F.2d 623, to conclude that the applicable one-year statute of limitations, Ky.Rev.Stat. Sec. 413.140(1)(a), was not subject to tolling under Ky.Rev.Stat. Sec. 413.310 due to the plaintiff's incarceration. However, subsequent to the district court's decision, the Supreme Court ruled that tolling due to the plaintiff's incarceration was permissible and consistent with the policies underlying 42 U.S.C. Sec. 1983. See Hardin, 109 S.Ct. 1998. Because it is uncertain from the record before us whether the plaintiff was incarcerated for a sufficient amount of time from the date his cause of action accrued and the date he filed his suit so as to render it timely filed, we must remand the case for the district court to make this determination.
 
 
 4
 Accordingly, we hereby vacate the district court's order and remand the case for further proceedings consistent with this opinion. Rule 9(b)(6), Rules of the Sixth Circuit.