889 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James OWSLEY, Plaintiff-Appellant,
Shirley Owsley, Plaintiff,
v.
Tommy Sims, Boyle County Sheriff, Karl Lutrell, Deputy
Sheriff, Roy W. Arnold, Mayor, City of Danville, John
Bowling, Danville City Commissioner, Andy Bryant, John E.
Forsyth, Danville City Commissioner, George Cunningham,
Danville City Commissioner, James Ryan, Jr., Danville City
Chief of Police, Tommy Dunsmore, Danville City Police
Detective, Individually and in their official capacities,
the City of Danville, Tom Young, Boyle County Sheriff Dept.
Deputy, Individually and in Official Capacity, Chris Hill,
Boyle County Sheriff Dept. Deputy, Individually and in
Official Capacity, Jerry Young, Boyle County Sheriff Dept.
Deputy, Individually and in his Official Capacity,
Defendants-Appellees.
 No. 88-5752.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1989.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD F. SUHRHEINRICH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiffs James and Shirley Owsley filed a civil rights action under 42 U.S.C. Secs. 1983 and 1985 against the named defendants in connection with the alleged improper searches of plaintiffs' automobile and residence on or about March 23, 1984. The district court ultimately dismissed the action as time-barred and the instant appeal followed. The parties have briefed the issues, plaintiffs acting as their own counsel.
 
 
 4
 We initially note that, of the two pro se plaintiffs, only James Owsley signed the notice of appeal. Generally the court lacks jurisdiction over the claims of pro se appellants who fail to sign the notice of appeal. The signing and filing of a notice of appeal on behalf of another person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction, and such an appeal is properly dismissed. See Theriault v. Silber, 579 F.2d 302, 302 n. 1 (5th Cir.1978), cert. denied, 440 U.S. 917 (1979). The appeal of Shirley Owsley must be dismissed.
 
 
 5
 The appeal of James Owsley presents a different problem. The district court understandably relied on our decision in Higley v. Michigan Dep't of Corrections, 835 F.2d 623 (6th Cir.1987), in finding the case at bar to be out of time. Subsequent to the district court's decision, however, the United States Supreme Court expressly rejected Higley 's holding. Hardin v. Straub, 109 S.Ct. 1998 (1989). We must therefore remand the case, insofar as it relates to James Owsley, for further proceedings. We note that, to the extent plaintiff James Owsley raises a claim for the use of excessive force by the defendants, that claim should be evaluated in light of Graham v. Connor, 109 S.Ct. 1865, 1870-73 (1989).
 
 
 6
 Accordingly, the appeal of Shirley Owsley is dismissed. The district court's judgment as to James Owsley is vacated and remanded for further proceedings. Rules 9(b)(1) and (6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation