894 F.2d 1337
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Charles WARD, Plaintiff-Appellant,
v.
Miklos SZYLAGYI; Rick L. Boyd, and others unknown, in
individual and official capacities, Defendants-Appellees.
 No. 89-1921.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1990.
 
 Before KENNEDY and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Michael Charles Ward, a pro se federal prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Secs. 1983, 1985(2) and 1986.
 
 
 3
 Seeking monetary, injunctive, and declaratory relief, Ward filed suit against defendants, police officers in Ingham County (Michigan), alleging that they had violated his civil rights, when on March 21, 1979, they: 1) arrested him without a warrant or probable cause, and 2) executed a search warrant, knowing that it was based upon a false affidavit, which produced evidence used in his trials on drug related charges.
 
 
 4
 After reviewing the files and records, the district court found Ward's claims were barred by the applicable statute of limitations and dismissed the case as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Following the denial of his subsequent motion to vacate or amend judgment, Ward filed a timely notice of appeal, challenging the dismissal of the complaint. In addition, Ward has also filed a motion seeking remand of his case to the district court.
 
 
 5
 Upon review, we shall vacate the district court's judgment and remand the case for further consideration. The district court's judgment that the claims were barred by the statute of limitations is erroneous.
 
 
 6
 In making its determination, the district court applied the three year statute of limitations period contained in Mich.Comp. Laws Ann. Sec. 600.5805(8) (West 1989). See Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986). It also determined that Ward's cause of action accrued during a period from March 1979 to December 1983. See Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). Thus, since Ward did not file his complaint until February 7, 1989, his action was commenced after the limitations period.
 
 
 7
 However, the district court erred in its determination that Ward's incarceration did not toll the limitations period under Michigan law. Pursuant to Mich.Comp. Laws Ann. Sec. 600.5851(1) (West 1987), imprisonment tolls the limitations period for up to one year after the incarceration ends if the cause of action accrues while the plaintiff is incarcerated. Ward has been a federal prisoner since May 1981, and avers that he was continuously incarcerated in Michigan from March 1979 until he was turned over to federal custody. The district court relying on our holding in Higley v. Michigan Dep't of Corrections, 835 F.2d 623 (6th Cir.1987), found that the limitations period had not been tolled by Ward's incarceration. Recently, however, in Hardin v. Straub, 109 S.Ct. 1998 (1989), the Supreme Court effectively overruled the decision in Higley and stated that a Michigan state prisoner who filed an untimely Sec. 1983 action was entitled to avail himself of the state statute tolling the limitations period for prisoners. Hardin, 109 S.Ct. at 2003.
 
 
 8
 Accordingly, the motion to remand is granted, the district court's judgment is vacated and the case is hereby remanded for further consideration pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.