633 F.2d 164
 Harold D. MAY, Plaintiff-Appellant,
v.
Jerry ENOMOTO, Director, California Department of
Corrections, Otis Loggins, Superintendent, Correctional
Training Facility, Soledad, California; Superintendent
Black; State Forestry Camp # 41; Unknown Hospital Staff and
Henry J. Broderick, et al., Defendants-Appellees.
 No. 78-2829.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 11, 1980.
Decided Nov. 19, 1980.
 
 Leroy A. Broun, Fremont, Cal., for plaintiff-appellant.
 Wayman M. Robertson, Jr., San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before KILKENNY and POOLE, Circuit Judges, and CALLISTER,* District Judge.
 POOLE, Circuit Judge:
 
 
 1
 On June 7, 1971 appellant May, an inmate of a California state prison was injured while engaged in highway maintenance work. On December 2, 1976 he filed this civil rights suit under 42 U.S.C. § 1983 against appellee Procunier, Director of the Department of Corrections, claiming denial of necessary care in deliberate indifference to May's medical needs. Following a jury trial, the district court directed a verdict in favor of the director on the ground that there had been presented no evidence that the director knew of, had directed or was responsible for any delay in or withholding of medical attention. We affirm.
 
 
 2
 Appellant's injuries were caused when he was struck by a falling tree on June 7. He was then relieved of work duties and on June 10 was driven to the prison at Susanville. That trip took all day and he arrived at the institution in the evening. The next day, June 11, he received the attention of a qualified medical technical assistant who then referred him to a physician, Dr. Loon. Dr. Loon examined him on June 14, ordered X-rays and bedrest, recommended hot showers, and gave appellant medication for pain. Later in the month of June appellant was cleared to return to the work camp.STATUTE OF LIMITATIONS
 
 
 3
 Since the cause of action, if any, arose in June 1971 and the complaint was not filed until December 1976, we first address the issue whether in view of statutory changes made in 1970 with respect to the statute of limitations, this action was time barred. We conclude that it was not.
 
 
 4
 Almost five and one-half years elapsed between the dates of appellant's claimed injury and the filing of his complaint in December 1976. The statute of limitations governing civil actions under 42 U.S.C. § 1983, such as this, is provided by California state law. Mason v. Schaub, 564 F.2d 308 (9th Cir. 1977); Smith v. Cremins, 308 F.2d 187, 190 (9th Cir. 1962). California Code of Civil Procedure § 338(1) which relates to "an action upon a liability created by statute," and establishes a three-year limit has been held applicable to civil rights actions. Smith v. Cremins, supra, 308 F.2d at 189. Ordinarily this action would now be barred except that in the case of prisoners under confinement, another statute, Code of Civil Procedure § 352-3 historically has provided:
 
 
 5
 If a person entitled to bring an action, * * * be, at the time the cause of the action accrued, * * *:
 
 
 6
 3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal Court for a term less then for life; * * *
 
 
 7
 The time of such disability is not a part of the term limited for the commencement of the action. (Enacted 1872)
 
 
 8
 This Circuit has previously applied the § 352-3 tolling provision to prisoner's civil rights actions which otherwise would be untimely. Ney v. State of California, 439 F.2d 1285, 1287 (9th Cir. 1971). At the time of his injury it was then circuit law that prisoner May's action would be tolled during the period of his imprisonment.
 
 
 9
 However, a 1970 amendment to the Code of Civil Procedure added § 352(b), effective January 1, 1971, and did away with the tolling provisions so far as they relate to "an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with (specified chapters) of the Government Code."[1] (Emphasis supplied.) The specified chapters refer to that statutory scheme for processing an action under the California Tort Claims Acts.[2]
 
 
 10
 The 1970 amendment revised the structure of § 352, substantially reenacting old § 352 as subparagraph (a) of the amended legislation, including the provision that "the time of (a prisoner's) disability is not a part of the time limited for the commencement of the action." It then added a new subsection (b) which set forth that the tolling section of subparagraph (a) does not apply to actions against a public entity or public employee for which a prelitigation claim is required to be presented in accordance with the Government Code type provisions. In other words, the tolling provision was lifted only as to those tort actions which required as a condition precedent that a claim be presented under the Government Code. This Court and the California Supreme Court have held that the California prelitigation requirements are inapplicable to civil rights actions. See Donovan v. Reinbold, 433 F.2d 738, 741-42 (9th Cir. 1970) (claims and limitations provisions are inapplicable); Willis v. Reddin, 418 F.2d 702, 704-05 (9th Cir. 1969) (notice and time requirements are inapplicable); Williams v. Horvath, 129 Cal.Rptr. 453, 454-58, 16 Cal.3d 834, 836-42, 548 P.2d 1125 (1976) (claims procedures inoperative).
 
 
 11
 It is clear therefore that our own precedent and the general principle that a federal court accepts a state court's interpretation of its own statute of limitations, see Smith v. Cremins, supra, 308 F.2d at 189, result in the conclusion that the statute of limitations was tolled. The trial judge did not decide the case on the basis of an expired statute of limitations but on the lack of merit. We therefore review the merits.
 
 DENIAL OF MEDICAL CARE
 
 12
 Appellant has alleged that he was denied medical treatment for three days in 1971 after receiving his injuries. He claimed that the prison authorities kept him at the workcamp despite his request that he be taken immediately for medical care.
 
 
 13
 The "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment occurs only where an inmate's complaint of improper or inadequate medical treatment amounts to a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Accord Shields v. Kunkel, 442 F.2d 409 (9th Cir. 1971). Appellant's own testimony establishes that he received sufficient medical treatment to meet federal requirements. The person in charge of the camp immediately relieved him from work after his injury. When he arrived at Susanville Prison three days later, it was nighttime. However, the next morning a medical assistant gave him medication and attention and referred him to Dr. Loon. Dr. Loon examined him on June 14, took X-rays and found nothing wrong. Nonetheless he prescribed medication, bedrest, hot showers and gave May additional medicine for pain. He examined him again several days later and thereafter cleared him for return to work. After May claimed additional back trouble while at the camp he was returned to Susanville on July 7, 1971 where he was examined by a Dr. McCleary. Dr. McCleary diagnosed a pulled muscle and ordered bedrest.
 
 
 14
 In none of the above was appellee, the director, shown to be either involved or knowledgeable.[3] Appellant's mother testified that around June 16, or 17, after Dr. Loon had already administered to appellant, she went to the Director's office to request "some medication" and that Director Procunier told her that he would take care of it. In fact, as of that time appellant was receiving medical care.
 
 
 15
 The district judge characterized appellant's allegations that he had been denied medical treatment as "a claim of deliberate indifference to (his) medical needs * * *." This was the proper inquiry. Under the Civil Rights Act, appellee could not be charged with responsibility for the neglect or delay, if any, of his subordinates in the absence of his direction or participation therein. Williams v. Vincent, 508 F.2d 541 (2d Cir. 1974); Bracey v. Grenoble, 494 F.2d 566 (3d Cir. 1974).
 
 
 16
 Appellant failed to establish a colorable issue of deliberate indifference to serious medical needs. The district judge ruled quite correctly and accordingly the judgment is affirmed.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Marion J. Callister, United States District Judge for the District of Idaho, sitting by designation
 
 
 [1]
 The statute as amended in 1970 reads:
 § 352. Disabilities of minority, insanity or imprisonment; effect on limitation period.
 (a) If a person entitled to bring an action, mentioned in Chapter 3 of this title, be, at the time of the cause of action accrued, either:
 
 
 [1]
 Under the age of majority; or
 
 
 [2]
 Insane; or,
 
 
 [3]
 Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; * * * the time of such disability is not a part of the time limited for the commencement of the action
 (b) This section does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with Section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code. This subdivision shall not apply to any claim presented to the public entity prior to January 1, 1971.
 (Amended by Stats. 1959, c. 192, p. 2085, § 1; Stats. 1970, c. 104, p. 323, § 1, operative Jan. 1, 1971; Stats. 1975, c. 1241, p. 3187, § 1.5.)
 Asterisks * * * indicate deletions by amendment.
 
 
 [2]
 The prisoner must present his claim to the public entity or employee within 100 days. Cal.Code Civ.P. §§ 911.2, 945.6(c). An action for damages may not be maintained unless a claim has been presented. Id. § 945.4. The prisoner must commence his action within six months of receipt of written notice regarding his claim, id. § 945.6(1), or, if written notice is not provided, within two years from the accrual of the cause of the action. Id. § 945.6(a)(2)
 
 
 [3]
 May introduced no evidence that Procunier knew of the three day delay in transporting him to Susanville. Because the Civil Rights Act does not permit liability under respondeat superior, see Monell v. Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Procunier could not be held responsible for this delay