**Norman R. BARADA, Plaintiff,**

v.

**PIONEER FELLOWSHIP HOUSE, et al., Defendants.**

**No. C82–1465R.**

United States District Court, W.D. Washington, at Seattle.

June 1, 1983.

Norman R. Barada, pro se.

Gary I. Greenbaum, Seattle, Wash., William C. Collins, Sr. Asst. Atty. Gen., Dept. of Corrections, Olympia, Wash., for defendants.

## ORDER

ROTHSTEIN, District Judge.

The Court, having reviewed the § 1983 complaint, defendants' motion for summary judgment, the Report and Recommendation of United States Magistrate Philip K. Sweigert, and the balance of the records and files herein, does hereby find and ORDER:

(1) Said Report and Recommendation is hereby approved and adopted;

(2) Defendants' motion for summary judgment is hereby GRANTED and the complaint DISMISSED with prejudice; and,

(3) The Clerk is to direct copies of this Order to plaintiff, to counsel for defendants, and to Magistrate Sweigert.

## REPORT AND RECOMMENDATION

PHILIP K. SWEIGERT, United States Magistrate.

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, a state prisoner filed this suit for damages pursuant to 42 U.S.C. § 1983. He claims that his constitutional right to due process was violated when he was terminated from a work release program in violation of two W.A.C. regulations. The basis for termination was his violation of W.A.C. 215–92–355 which requires residents of the facility to turn over their earnings to the work release facility. Defendants have filed a motion for summary judgment, to which plaintiff has not responded. There is no material issue of fact. Three of the named defendants are immune from suits for damages. The remaining defendants did not participate in the conduct about which plaintiff complains. Therefore, I recommend that defendants' motion be granted and the case dismissed with prejudice.

## DISCUSSION

There is no dispute that plaintiff was not given twenty-four hours written notice of the hearing as required by W.A.C. 137–56–180 and that he refused to waive his rights under that regulation. Plaintiff's other claim that witnesses called by the committee were also committee members is, however, without foundation in fact. The report of the hearing shows that John La-Plante, who made the allegation involved and was the sole witness, did not sit on the committee. The three members of the committee did not testify, but merely discussed the appropriate disposition after plaintiff was found guilty of the allegation.

The only named defendants who participated in the decision to go ahead with the hearing despite plaintiff's refusal to waive twenty-four hour notice were the three members of the committee, William Stough, the chair, Bob LaLanne, and Richard Hopper. The affidavit of Mr. Stough indicates that the decision was primarily his. The other named defendants cannot be made liable under § 1983 for these defendants' conduct. *May v. Enomoto,* 633 F.2d 164 (9th Cir.1980).

Defendants urge the Court to hold that the members of the hearing committee, especially the chair, who made the decision involved, are cloaked with absolute judicial immunity from damages under *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). I conclude that a work release termination hearing chair exercises an adjudicatory function which is "functionally comparable" to that of a Judge. See *Id.* at 512, 98 S.Ct. at 2913. Defendants' memorandum accurately sets forth

the ways in which the functions of a work release committee satisfy *Butz*'s criteria for absolute immunity. Cf. *Ward v. Johnson,* 690 F.2d 1098 (4th Cir.1982) (prison disciplinary hearing chairmen absolutely immune from damages). Since defendants are entitled to judgment as a matter of law, I recommend that their motion be granted.

A proposed form of Order accompanies this Report and Recommendation.

DATED this 19th day of May, 1983.