958 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John E. WALKER, Plaintiff-Appellant,
v.
Dave MELIGAN, et al., Defendants-Appellees.
 No. 90-16707.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1992.*
Decided March 18, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant John Walker, a prisoner, filed a 42 U.S.C. § 1983 complaint against Dave Meligan, a guard, and Harry Koon, his supervisor, alleging inappropriate and excessive use of taser wands on him. Essentially, he claims that he was tortured or punished with these electronic devices beyond what was necessary and appropriate for maintenance of prison discipline. The district court granted Koon summary judgment and a jury returned a verdict for Meligan. We now affirm.
 
 I. SUMMARY JUDGMENT--CAPTAIN KOON
 
 3
 We review a grant of summary judgment de novo. Kruso v. Int'l Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989). Koon swears in his affidavit that he did not use a taser on anyone, did not see it done, and did not order it. None of the affidavits offered by Walker contradict this. Section 1983 liability is not vicarious; the plaintiff must show that the particular defendant personally deprived him of rights. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980); Faye v. Stapley, 607 F.2d 858, 862 (9th Cir.1979). Koon was therefore entitled to summary judgment.
 
 II. JURY VERDICT--SERGEANT MELIGAN
 
 4
 At trial, Walker testified that Meligan applied a taser wand to his back with inadequate justification on three separate occasions. Meligan testified that Walker was touched only once with the taser, and only after he had refused repeated orders to return to his cell with the other inmates. Evidently, after hearing the testimony, the jury believed Meligan.
 
 
 5
 Walker argues that the evidence was insufficient to support the verdict. Although Walker presented evidence contradicting Meligan's, the jury and not this court decides upon the weight of the evidence and credibility of the witnesses. Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir.1985). A judgment based upon a jury verdict cannot be reversed where the evidence was sufficient and the instructions were correct. Transgo, Inc. v. AJAC Transmission Parts Corp., 768 F.2d 1001, 1014 (9th Cir.1985). We hold that the evidence offered by Meligan was sufficient to support the verdict in his favor.
 
 
 6
 When Walker, who appeared pro se, was cross-examining Meligan, he received an answer with which he was not satisfied. After repeating the same question two more times and receiving the same response, he stated, "I would like to remind you, Mr. Meligan, that you are under oath...." The judge said, "You don't have to remind him that he is under oath," and Walker responded, "All right." Walker now argues that the judge's comment entitles him to a new trial because it "may have persuaded the jury to believe that the defendant was not lying." The judge's comment, however, was an entirely appropriate means of performing his duty to control the mode of interrogation under Federal Rule of Evidence 611(a).
 
 
 7
 Walker argues that he should not have had to prove that he sought medical attention. However, he was not required to prove that he did. The evidence, offered by Meligan, that Walker did not seek medical attention was relevant, both to show that he was not actually tortured or otherwise abused, and, if he was, to show that his damages were minimal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3