977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy H. JOHNSON, Plaintiff-Appellant,
v.
Charles L. WOLFF, Jr., et al., Defendants-Appellees.
 No. 91-16613.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Johnson, a Nevada state prisoner, appeals pro se the district court's denial of his motion for reconsideration.[1] We review "for an abuse of discretion, and we will reverse 'only upon a clear showing of abuse of discretion.' " Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (emphasis in original) (quotation omitted). We affirm.
 
 
 3
 Johnson contends that: (1) Warden Godinez must be a defendant in this case because he is defendant Wolff's supervisor; (2) he was denied due process and equal protection because prison officials did not grant him notice and a hearing before returning him to disciplinary segregation; (3) he was improperly punished for exercising his right not to work; (4) the district court erred in denying his motion to amend his complaint.
 
 A. Warden Godinez
 
 4
 Liability under section 1983 must be based on the personal involvement of the defendant. May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980). Liability may not be based on respondeat superior. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978).
 
 
 5
 Here, Warden Godinez was not personally involved in the decision to return Johnson to disciplinary segregation, because it was Assistant Warden Wolff who actually made the decision. Accordingly, the district court did not abuse its discretion in determining that Warden Godinez could not be held liable under section 1983. See id.; May, 633 F.2d at 167.
 
 B. Notice and Hearing
 
 6
 This contention lacks merit because (1) both parties agree that Johnson's due process rights were satisfied in his original hearing and placement into disciplinary segregation for a one-year period; and (2) Johnson was returned to disciplinary segregation within the one-year period. Accordingly, the district court did not abuse its discretion.
 
 C. Right Not to Work
 
 7
 "There is no federally protected right of a state prisoner not to work while imprisoned after conviction...." Draper v. Rhay, 315 F.2d 193, 197 (9th Cir.1963). "[W]hether [an inmate] is being held in the state penitentiary or the county jail, he may be required to work in accordance with institution rules." Id.
 
 
 8
 Here, Johnson was returned to disciplinary segregation because he failed to follow a prison official's order that he return to work. Because Johnson does not have a federal constitutional right not to work, the district court did not abuse its discretion. See id.
 
 D. Motion to Amend
 
 9
 The denial of leave to amend after a responsive pleading has been filed is reviewed for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991).
 
 
 10
 Here, Johnson already has submitted an amended complaint, in which he asserted the same arguments that he raised in his original complaint. Moreover, Johnson raises the same claims in his proposed second amended complaint that he raised in the original and amended complaints. Accordingly, the district court did not abuse its discretion in denying Johnson's motion to submit an amended complaint. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe Johnson's notice of appeal as an appeal of the district court's denial of his motion for reconsideration