988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shelton Ray THOMAS, Plaintiff-Appellant,
v.
Samuel A. LEWIS, et al., Defendant-Appellee.
 No. 92-16066.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-91-00030-SLV, Stephen L. Verkamp, Magistrate Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Shelton Ray Thomas appeals from the entry of summary judgment against him in his pro se § 1983 complaint. Thomas alleged that the defendants, employees and officers of the Arizona Department of Corrections, violated his rights under the Eighth and Fourteenth Amendments by discriminating against him on the basis of his race, using mace on him and beating him repeatedly without justification, and prolonging his exposure to the mace by denying him water and a change of linen. These claims stem from the entry of a "forced cell team" into Thomas' cell on July 1, 1990, to take possession of a prison broom which Thomas had attempted to use as a bargaining chip to arrange a meeting with the shift commander regarding perceived racial and religious harassment. The parties filed a joint consent to have a magistrate judge hear and determine this matter pursuant to Fed.R.Civ.P. 73(b), and the magistrate granted the defendants' motion for summary judgment on May 26, 1992.
 
 
 3
 Fed.R.Civ.P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We review a grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992).
 
 
 4
 The magistrate properly entered summary judgment against Thomas on his equal protection claim. Thomas' vague and conclusory Amended Complaint failed to allege any specific, substantiated acts of racial discrimination, and none of the incidents of alleged religious discrimination mentioned in Thomas' affidavit and grievances submitted in opposition to the motion for summary judgment involved the defendants in this action. Although Thomas argues that three of the defendants are liable for rejecting his grievances, after the fact knowledge acquired in responding to grievances is insufficient to establish liability for constitutional violations. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980). Thomas has failed to make the requisite showing that the defendants played an affirmative or direct role in the alleged racial and religious discrimination. See Rizzo v. Goode, 423 U.S. 362, 377 (1976). As the magistrate properly observed, "[v]iewing the evidence in the light most favorable to Thomas, the most that can be concluded is that other correctional officers behaved at times in ways which Thomas construed as constituting racial discrimination." Order of May 26, 1992, at 6. Although pro se pleadings are liberally interpreted, Estelle v. Gamble, 429 U.S. 97, 106 (1976), a liberal interpretation may not supply essential elements of the claim that were not initially pled. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 5
 Summary judgment was also proper on Thomas' Eighth Amendment claims. The magistrate found that Thomas' allegations that he was maced repeatedly for five to ten minutes and then beaten and kicked for ten to fifteen minutes before being handcuffed were directly contradicted by a videotape of the incident, which indicated that Thomas was maced for thirty seconds and was never beaten or kicked. Thomas did not object to the authenticity of the videotape, but rather adopted it and implicitly vouched for its accuracy by urging the court to view the videotape in support of his allegations. The magistrate found that "while one may question the necessity and the wisdom of employing the forced cell extraction in the first place, the videotape indicates that a bare minimum of force was used in exercising this option." Order at 8. The videotape thus removed any material question of fact regarding the amount of force used against Thomas.
 
 
 6
 The magistrate properly recognized that prison officials are entitled to a certain amount of discretion to take appropriate action in pursuit of the legitimate penological objectives of discipline and control. See Wolff v. McDonnell, 418 U.S. 539, 561-63 (1974). "When a prison security measure is undertaken to resolve a disturbance ... the question whether the measure taken inflicted unnecessary and wanton pain and suffering [in violation of the Eighth Amendment] ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Force that is applied in a good faith effort to maintain discipline or restore order does not violate the Eighth Amendment. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). Although the magistrate concluded that the necessity of using mace might have been avoided by giving Thomas a warning, he properly declined, in the absence of a conceivable constitutional violation, to second-guess the defendants' decisions on how best to maintain order and discipline in their institution. " 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.' " Hudson, 112 S.Ct. at 1000 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.), cert. denied, 414 U.S. 1033 (1973)). We have previously held that the use of chemical agents such as mace in nondangerous quantities in order to prevent a perceived future danger does not constitute "an unnecessary and wanton infliction of pain." Spain v. Procunier, 600 F.2d 189, 196 (9th Cir.1979). The use of force here involved, although possibly avoidable, was not of a sort "repugnant to the conscience of mankind," Hudson, 112 S.Ct. at 1000, and so does not implicate the Eighth Amendment.
 
 
 7
 Nor were Thomas' claims concerning the defendants' alleged failure to provide him with water and fresh linen sufficient to withstand summary judgment. The magistrate found that whether it characterized these claims as involving medical care or involving more general conditions of confinement, Thomas was required to establish "deliberate indifference." See Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991) (conditions of confinement); Estelle, 429 U.S. at 106 (medical care). Thomas' unsubstantiated allegations fall far short of this high standard for a constitutional violation. Following the forced cell entry, Thomas was taken to the medical unit for treatment. Although Thomas refused to cooperate with the examining nurse, she was able to clean most of the mace from his face and observed no apparent injuries. Even accepting Thomas' version of the facts, as we must in reviewing a grant of summary judgment against him, the defendants' actions did not result in "unquestioned and serious deprivations of basic human needs" or deprive Thomas "of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).
 
 
 8
 Thomas also appeals the magistrate's denial of his motion for appointment of counsel pursuant to 28 U.S.C. § 1915. We review denial of a motion for appointment of counsel for an abuse of discretion. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). Appointment of counsel in a civil rights case is required only under exceptional circumstances. Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980). The magistrate properly considered Thomas' likelihood of success on the merits and the complexity of the legal issues involved, Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986), and concluded that exceptional circumstances were not present. The magistrate did not abuse his discretion in denying Thomas' motion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and 9th Cir.R. 34-4. Accordingly, we deny Thomas' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3