996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerome MOSLEY, Plaintiff-Appellant,
v.
COUNTY OF CLARK, Defendant-Appellee.
 No. 92-15037.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 18, 1993.*
Decided June 29, 1993.
 
 1
 Before: FAIRCHILD,** BEEZER, and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiff Jerome Mosley filed 42 U.S.C. § 1983 claims against various defendants, including the State of Nevada[1]; Clark County; the Las Vegas Metropolitan Police Department ("LVMPD"); Sheriff John Moran; officers Michael McClary, Steve Franks, and J. Tighe; James Beshear, an accountant for LVMPD; District Attorney Rex Bell; Assistant District Attorneys Thomas Leen and C. Dan Bowman; Justice of the Peace James M. Bixler; and John H. Momot, a private attorney.[2] The claims arose from the defendant's variegated participation in the procurement and execution of arrest and search warrants and the subsequent forfeiture proceedings with regard to property that was seized from Jerome Mosley, Alma Lee Mosley, and Delores V. Mosley. After Alma Lee Mosley and Delores V. Mosley stipulated to the dismissal with prejudice of their claims against the various defendants, the district court dismissed all of Jerome Mosley's § 1983 claims. Mosley appeals. We affirm.
 
 I. Facts
 
 4
 Prior to March 7, 1990, a member of the LVMPD allegedly purchased cocaine from Jerome Mosley as part of an undercover investigation. On March 7, 1990, officers obtained search and seizure warrants from Justice of the Peace Bixler regarding property at the Mosley household and other residences believed to be under the direct control of Jerome Mosley. Officers executed the warrants and seized property that the officers believe was derived from the profits of drug sales. Among the property were items in which all of the aforementioned Mosleys claim to share varying degrees of title. Jerome Mosley was subsequently arrested and indicted for trafficking in and conspiring to sell cocaine.
 
 II. Discussion
 A. Defendants Bell, Leen, Bowman and Bixler
 
 5
 The district court dismissed Jerome Mosley's § 1983 claims against the prosecutorial defendants (Bell, Leen, and Bowman) based on prosecutorial immunity and against Justice of the Peace Bixler based on judicial immunity. Mosley now challenges these dismissals. We affirm.
 
 
 6
 First, Mosley's appeal of this issue is untimely. The district court entered its "final judgment" dismissing defendants Bell, Leen, Bowman, and Bixler on September 4, 1991. Under Fed.R.Civ.P. 54(b), this was a final, appealable judgment, see Continental Airlines v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1524-25 (9th Cir.1987), and Mosley had 30 days thereafter to file his notice of appeal with the district court. See Fed.R.App.Proc. 4(a). Because Mosley did not do so, his appeal as to this issue is untimely.
 
 
 7
 Second, even if Mosley's appeal were timely, it would nevertheless fail. Prosecutors are entitled to absolute immunity from § 1983 claims. Imbler v. Pachtman, 424 U.S. 409, 427 (1976); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). This "[i]mmunity extends to protect a prosecutor who acts within his or her authority and in a quasi-judicial capacity," Ashelman, 793 F.2d at 1076, with "[t]he focus [ ] on the nature or function of the prosecutor's activity." Id. If the activities "were performed as part of the prosecutor's preparation of his case, even if they can be characterized as 'investigative' or 'administrative,' " the immunity attaches. Demery v. Kupperman, 735 F.2d 1139, 1143 (9th Cir.1984), cert. denied, 469 U.S. 1127 (1985). Because we conclude that the prosecutor's immunity applies to all of the challenged actions in this case, including applying for and executing a search warrant, obtaining property by forfeiture, and reaching a compromise agreement regarding the forfeiture with Mosley's then attorney, we affirm the district court's dismissal of Mosley's § 1983 claims against defendants Bell, Leen, and Bowman.
 
 
 8
 With respect to defendant Justice of the Peace Bixler, "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman, 793 F.2d at 1075. A judge is deprived of this immunity "only when he has acted in the clear absence of all jurisdiction", Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872)), or when he performs an act that is not "judicial" in nature. Id. at 360.
 
 
 9
 First, a judge acts in the "clear absence of all jurisdiction" only when he clearly lacks subject matter jurisdiction. Ashelman, 793 F.2d at 1076. Because Nevada law authorizes a Justice of the Peace to issue search warrants, see Nev.Rev.Stat.Ann. §§ 169.095 & 179.045 (Michie 1992), such is not the case here.
 
 
 10
 Second, to determine if a given action is judicial in nature, we consider "whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." Ashelman, 793 F.2d at 1075-76. "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." Id. at 1076. We focus our inquiry on the "ultimate acts" of the judge, not his underlying actions. Id. at 1078.
 
 
 11
 In this case, Mosley essentially challenges defendant Bixler's actions in issuing and sealing a search warrant. Focusing on this as defendant Bixler's "ultimate act," we have little difficulty concluding that this was a judicial act for which a Justice of the Peace has immunity from suit. We affirm.
 
 B. Defendant Beshear
 
 12
 The district court also dismissed Mosley's § 1983 claims against defendant Beshear for failure to allege any facts that showed Beshear personally to be involved in the deprivation of Mosley's civil rights. Because Mosley has not corrected that failing on appeal, and because that failing is fatal to a § 1983 claim, see, e.g., May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980), we affirm.
 
 
 13
 C. Defendants Clark County, LVMPD, and Sheriff John Moran
 
 
 14
 The district court also dismissed Mosley's § 1983 claims against defendants Clark County, LVMPD, and Sheriff Moran because respondeat superior liability is unavailable in § 1983 suits, because Mosley failed to allege liability on the part of defendants Clark County and LVMPD on any other theory than respondeat superior, and because Mosley failed to show facts that indicated defendant Sheriff Moran personally was involved in the seizure of property in which Mosley had a cognizable interest.
 
 
 15
 First, the district court properly dismissed Mosley's § 1983 claims against defendants Clark County and LVMPD because the Supreme Court has made it clear that respondeat superior liability is unavailable in § 1983 suits.
 
 
 16
 [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.
 
 
 17
 Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978).
 
 
 18
 Second, the district court also properly dismissed Mosley's § 1983 claims against defendant Sheriff Moran because Mosley failed to allege any facts that would indicate that Sheriff Moran personally was involved in the deprivation of Mosley's civil rights. As we stated previously, such a failure is fatal to a § 1983 claim. See May, 633 F.2d at 167.
 
 
 19
 Nevertheless, pursuant to Fed.R.Civ.P. 15, the district court granted Mosley leave to amend his complaint against these defendants to correct these errors. Specifically, the district court instructed:
 
 
 20
 [T]his authorization to amend is not without limits. Plaintiff may only amend his Complaint if discovery provides a factual basis for believing that claims against Clark County and the Las Vegas Metropolitan Police Department can be established by some legal doctrine other than respondeat superior. Likewise, Plaintiff may amend his Complaint if discovery provides some basis for believing that Sheriff John Moran personally participated in a violation of Plaintiff's constitutional rights. No other amenhdments [sic] are authorized by this order.
 
 
 21
 When Mosley's first motion to amend his complaint failed to comport with the above limitations, the district court denied the motion, but granted more time for another attempt at amendment. When Mosley missed an enlarged deadline for this second attempt, the district court dismissed the claims against defendants Clark County, LVMPD, and Sheriff Moran with prejudice. Mosley now appeals.
 
 
 22
 Although Fed.R.Civ.P. 15 expresses a strong policy toward permitting the amendment of pleadings, see Schlachter-Jones v. General Telephone, 936 F.2d 435, 443 (9th Cir.1991), "the granting of leave to amend can be conditioned in order to avoid prejudice to the opposing party." Local 783, Allied Indus. Workers v. General Elec. Co., 471 F.2d 751, 756 (6th Cir.), cert. denied, 414 U.S. 822 (1973). The district court so conditioned his grant of leave to amend in this case, and Mosley failed to comply with those conditions.
 
 
 23
 A district court may dismiss an action for failure to comply with any order of the court. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). We review for an abuse of discretion the district court's dismissal of Mosley's claims against defendants Clark County, LVMPD, and Sheriff Moran for failure to comply with the court's order regarding amendment of the complaint. See id. There was no abuse of discretion in this case. In fact, the district court was extraordinarily patient with Mosley: the court allowed him a second attempt to amend when his first attempt was deficient and subsequently granted him additional time to amend, an enlarged deadline that Mosley ultimately did not meet. Accordingly, we affirm.
 
 D. Punitive Damages
 
 24
 The district court also dismissed Mosley's § 1983 claims for punitive damages against defendants LVMPD; Sheriff Moran; Beshear; and officers Tighe, McClary, and Franks. Because these defendants are immune from suit for punitive damages under § 1983 for actions taken in their official capacity, see, e.g., City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (municipality and its officials who are sued in their official capacities are immune from claims for punitive damages under 42 U.S.C. § 1983), we affirm. Mosley's claims for punitive damages against defendant Sheriff Moran and/or any other defendant(s) in their individual capacities is foreclosed by our earlier affirmances of the district court's dismissal of Mosley's § 1983 claims against all defendants.
 
 
 25
 E. Summary Judgment for Defendants Tighe, McClary, and Franks
 
 
 26
 Finally, the district court granted summary judgment in favor of defendants officers Tighe, McClary, and Franks because Mosley offered no support for his contention that there was no probable cause to support the warrants.
 
 
 27
 We review de novo a district court's grant of summary judgment. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). In other words, viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are nay genuine issues of material fact. See Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). Even under this favorable standard we can find no genuine issue of material fact as to whether these officers violated Mosley's civil rights. Because the officers acted properly in all regards with respect to supporting and executing the search warrants, we affirm the district court's grant of summary judgment in their favor.
 
 
 28
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Thomas E. Fairchild, Senior United States Circuit Judge for the 7th Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's proper dismissal of all claims against the State of Nevada based on Eleventh Amendment sovereign immunity is not appealed to this court
 
 
 [2]
 The district court's proper dismissal of all claims against defendant Momot because at no time did he act under the requisite § 1983 "color of state law" is not appealed to this court