1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles Oren ANDERSON, Plaintiff-Appellant,
v.
Frankie Sue DEL PAPA, et al., Defendants-Appellees.
 No. 93-15158.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 3, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Oren Anderson, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to state a claim pursuant to Fed.R.Civ.Pro. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Id. In civil rights cases where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc).
 
 
 4
 Before an action brought pro se may be dismissed, the court must provide the plaintiff with notice of the complaint's deficiencies and an opportunity to amend unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984). In this case, the district court did not give Anderson notice of his complaint's deficiencies and an opportunity to amend. However, we find it is clear the deficiencies of his complaint cannot be cured by amendment.
 
 
 5
 I. CLAIMS AGAINST THE NEVADA STATE DEPARTMENT OF PRISONS
 
 
 6
 Anderson claims that employees of the Nevada State Department of Prisons ("NDOP") accounting staff committed fraud and embezzlement by falsifying his account records and charging him for legal postage. This claim has already been litigated in a prior action by Anderson and is therefore barred by the doctrine of res judicata.
 
 
 7
 The doctrine of res judicata provides that when there is a final judgment on the merits, further claims by the same parties or their privies based upon the same cause of action are barred. See, e.g., Robi v. Five Platters Inc., 838 F.2d 318, 321-22 (9th Cir.1988).
 
 
 8
 In Anderson v. Angelone, CV-S-90-520-PMP(LRL), aff'd, 983 F.2d 1075 (9th Cir.1993) (Table, Text in LEXIS, No. 92-15695) (Anderson I ),[1] Anderson alleged that he was improperly charged for legal postage, depriving him of access to the courts. Anderson's complaint in Anderson I alleged that Angelone, a NDOP accounting staff employee, committed fraud by changing his account records to read that he had been charged for copying when he had actually been charged for legal postage. This is the same claim he makes in his current section 1983 action.
 
 
 9
 Because this claim has already been litigated in Anderson I, Anderson's current action against the NDOP accounting staff employees must be dismissed because it is barred by res judicata. See Robi, 838 F.2d at 321 (relitigation of identical claim barred by res judicata). In addition to naming Angelone as a defendant, the complaint in Anderson I named the entire NDOP accounting staff as a defendant. The fact that Anderson now names different individual NDOP accounting staff employees does not change the fact that his current action is barred by res judicata.
 
 
 10
 II. CLAIMS AGAINST THE ATTORNEY GENERAL'S OFFICE
 
 
 11
 In his complaint, Anderson also raises several claims against the Nevada State Attorney General's Office ("AG"). He alleges that the AG's office knowingly allowed criminal acts to be committed by the NDOP accounting staff and wrongfully protected the NDOP staff.
 
 
 12
 To state a claim under section 1983, a plaintiff must show an individual was personally involved in the deprivation of his civil rights. May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980); Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.1979). As stated by the district court, Anderson fails to allege facts which show personal involvement by the AG's office or staff.
 
 
 13
 In addition to showing personal involvement, to state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 14
 In his complaint, Anderson did not frame his claims against the AG's office in terms of constitutional violations. He argues for the first time on appeal that the AG's protection of the NDOP accounting staff denied him due process and equal protection. Generally we will not consider an issue raised for the first time on appeal, see e.g., In re Wind Power Systems, Inc., 841 F.2d 288, 290 n. 1 (9th Cir.1988), however, even if we consider these allegations, we find that Anderson has failed to allege facts amounting to a due process or equal protection violation by the AG's office. The AG's office has no duty to protect inmates when they are wards of the State of Nevada. The AG's office does, however, have a statutory duty to defend state employees in actions such as Anderson's prior section 1983 case against the NDOP accounting staff. Nev.Rev.Stat. 228.110(2).
 
 III. OTHER CLAIMS
 
 15
 Anderson also argues that the district court has wrongfully denied him a jury trial and grand jury indictment on these claims. However, the Sixth Amendment right to trial by jury is afforded in criminal prosecutions only and does not extend to plaintiffs in a section 1983 civil rights action. Similarly, the Fifth Amendment right to grand jury indictment does not extend to section 1983 actions.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Anderson I was dismissed by the district court for failure to state a claim. On appeal, we remanded to the district court on the ground that Anderson should have been given notice of the deficiencies of his complaint and an opportunity to amend before his action was dismissed. After being given notice of the deficiencies in his original complaint and an opportunity to amend, the district court again dismissed his case for failure to state a claim. We affirmed. Dismissal for failure to state a claim is a final judgment on the merits for purposes of res judicata. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981)