19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joel W. ELLINGTON, Plaintiff-Appellant,
v.
Bob MILLER, Frankie Sue Del Papa, Nancy Becker, Nancy
Oesterle, Defendants-Appellees.
 No. 93-15258.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 28, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dr. Joel Ellington appeals the district court's dismissal of his claims against Judge Nancy Becker and Magistrate Nancy Oesterle because of absolute judicial immunity, and against Governor Bob Miller and State Attorney General Frankie Sue Del Papa pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 3
 We affirm.
 
 FACTS
 
 4
 Ellington, acting pro se, asserted before the district court that Magistrate Oesterle violated his First, Fifth, Sixth, Tenth, Thirteenth, Fourteenth and Fifteenth Amendment rights. All of these alleged infringements arose from the Magistrate's rulings to deny Ellington the right to call witnesses, ask questions, or address the court during a preliminary hearing in connection with a burglary charge, and her order that Ellington's mouth be taped shut during that proceeding. Ellington alleged Judge Becker violated Ellington's rights to free speech and a speedy trial, and wrongfully denied Ellington's right to waive counsel. Ellington asserted Governor Miller and Attorney General Del Papa are liable under a theory of respondeat superior for failing to prevent racial discrimination by state employees. Ellington sought $150 million in monetary relief.
 
 
 5
 The district court dismissed Ellington's action as frivolous under 42 U.S.C. Sec. 1915(d).
 
 STANDARD OF REVIEW
 
 6
 We review a district court's dismissal of an action under Sec. 1915(d) for an abuse of discretion, Denton v. Hernandez, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945, 123 L.Ed.2d 651 (1993). We affirm only if the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989).
 
 ANALYSIS
 1. Judge Becker and Magistrate Oesterle
 
 7
 Judges are entitled to absolute judicial immunity when they perform acts in connection with their judicial roles, unless they act in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 357 (1978). See also, Forrester v. White, 484 U.S. 219, 225-29 (1988); Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.1990) ("Absolute judicial immunity only applies to judicial acts and not to administrative, legislative, and executive functions that judges may perform.").
 
 
 8
 Ellington's claims against Judge Becker and Magistrate Oesterle derive from actions each undertook in connection with their respective judicial roles and within the scope of their authority. The district court, therefore, properly dismissed Judge Becker and Magistrate Oesterle as defendants.
 
 
 9
 2. Governor Miller and Attorney General Del Papa
 
 
 10
 "A supervisor cannot be held personally liable under Sec. 1983 for the constitutional deprivations caused by his subordinates, absent his participation or direction in the deprivation." Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir.1984) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980). Liability against public officials cannot rest exclusively on theories of respondeat superior or vicarious liability. Monell v. New York City Dep't of Social Serv., 436 U.S. 658, 692-94 (1977).
 
 
 11
 Ellington alleges Governor Miller and Attorney General Del Papa have "legal authority to end racial discrimination in state government," and "are expected to have knowledge of the [constitutional violations] of their charges." There is no allegation of any personal involvement by the Governor or Attorney General in the violation of Ellington's rights. The district court was therefore correct in finding Ellington failed to allege facts that, if true, stated a claim against Governor Miller or Attorney General Del Papa.
 
 
 12
 A district court may dismiss a pro se litigant's complaint only after notifying the litigant of the deficiencies of his or her complaint and giving the litigant an opportunity to amend the complaint prior to the dismissal. McGuckin, 974 F.2d at 1054. The district court properly notified Ellington of the deficiency of his complaint in its order of November 2, 1992, and gave Ellington twenty-days to amend his complaint. Because Ellington failed to amend his complaint within twenty-days, the district court had authority to dismiss the action entirely. See Order of 12/31/92.
 
 CONCLUSION
 
 13
 We thus AFFIRM the district court's ruling.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3