51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Lopez JARAMILLO; Michael W. Sevier, Jr., Plaintiffs-Appellants,
v.
James McFADDEN, Warden, Sgt. Starky; Thomas Lee Goodeman,
Lt., Defendants-Appellees.
 No. 94-16171.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants, inmates in the Special Management Unit ("SMU") of the Arizona Department of Corrections ("ADOC") State Prison Complex in Florence, Arizona, were accidentally sprayed with mace which was used by ADOC officials on December 2, 1991 to subdue an agitated, knife-wielding inmate in the vicinity of appellants' cells. Appellants sued the ADOC prison officials pursuant to 42 U.S.C. Sec. 1983, alleging excessive use of force and denial of medical attention in violation of the Eighth and Fourteenth Amendments. Appellants now challenge the district court's grant of summary judgment and its dismissal of their motion to vacate. We affirm.
 
 I.
 
 3
 We review the district court's grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 4
 Appellants, pro se litigants, failed to submit any affidavits or other evidence in opposition to defendants' summary judgment motion. Appellants claim that the district court erred by failing to inform them of the evidentiary requirements of Fed.R.Civ.P. 56(e). Appellants, however, were apprised of that rule and the concurrent local rule by Magistrate Judge Stephen L. Verkamp in an order dated June 11, 1993, almost nine months before they filed their opposition papers. Moreover, appellees submitted to the district court the videotape which appellants assert they were precluded from submitting.
 
 
 5
 Even taking appellants' unsupported factual assertions as true, there is no genuine issue of material fact.[1] There is no evidence that the prison officials, in undertaking security measures to resolve the disturbance, used force " 'maliciously and sadistically for the very purpose of causing harm.' " Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied 414 U.S. 1033 (1973)); see also Hudson v. McMillian, 112 S.Ct. 995, 998-99 (1992); Wilson v. Seiter, 501 U.S. 294, 302 (1991). The officials acted swiftly to diffuse an emergency situation. They did not spray mace deliberately on nearby inmate-observers, and did what they could to provide relief to those observers while responding to the emergency. The air vents were open during the incident, and the officials opened the door to the exercise area after the incident. The officials denied the inmates access to water for a period of time after the incident as they searched for the knife, which was passed among the inmates and flushed down the toilet during the incident. There is no evidence that this measure was taken in anything other than a good faith effort to restore discipline. See id.
 
 
 6
 Appellants assert that they were not provided with medical attention until 2 1/2 to 3 hours after the incident, and that they suffered eye and respiratory injuries as a result. There is no evidence that the officials were deliberately indifferent to the inmates' medical needs. A delay in medical care, without more, is insufficient to establish deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) (negligence, medical malpractice or "an inadvertent failure to provide adequate medical care" do not on their own establish a constitutional violation); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980) (three day delay in providing medical care to prisoner for back injuries does not establish deliberate indifference).
 
 II.
 
 7
 Appellants claim that the district court also erred by dismissing their Motion to Vacate Judgment because it was filed by regular mail on June 6, 1994, more than ten business days after the judgment was entered on May 18, 1994. We review the district court's decision to dismiss the motion to vacate for abuse of discretion. Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir.1991). The district court acted within its discretion when it dismissed the motion as untimely. See Miller v. Sumner, 921 F.2d 202 (9th Cir.1990) (evidence that pro se litigant mailed notice of appeal by deposit in a regular mailbox is not evidence of timeliness).
 
 
 8
 AFFIRMED.